Argued and submitted November 28, 1990, affirmed May 15, 1991

STATE OF OREGON,
*Respondent,*

*v.*

ROBERT LYLE COOPER,
*Appellant.*

(CR89-0077; CA A62341)

810 P2d 1343

Darryl E. Johnson, Roseburg, argued the cause and filed the brief for appellant.

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

## RIGGS, J.

Defendant appeals his conviction for racketeering. ORS 166.720 (ORICO). He assigns error to the trial court's denial of his motion to dismiss on former jeopardy grounds. We affirm.

Defendant was indicted for various drug related offenses in three Oregon counties. The date of the last indictment was April, 1988. On May 24, 1988, defendant pleaded guilty to some of the charges in exchange for the dismissal of the others. Defendant's counsel contacted the Oregon federal prosecutor and secured an agreement that defendant would not be prosecuted under the federal RICO statute. Counsel testified that, when he was negotiating the plea agreement with the various district attorney's offices, he "did not contemplate" that the state Attorney General's office would prosecute defendant under ORICO. Defendant was sentenced in August, 1988.

On November 9, 1988, defendant was charged with racketeering under ORS 166.720(3). The predicate offenses alleged in the indictment included some of the crimes of which defendant had been convicted under the pleas, some crimes that had been charged but dismissed and other charges that had played no part in the earlier prosecution. Defendant pleaded not guilty and moved to dismiss on former jeopardy grounds. The trial court denied the motion and convicted him after a stipulated facts trial and found that each of the predicate offenses charged in the indictment had occurred.

Defendant asserts that the trial court erred in denying his motion to dismiss, because the Attorney General's charging him "with racketeering after pleas were negotiated with district attorneys on the identical charges constitutes [former] Jeopardy" under ORS 135.470.[1] The state asserts that, even if the argument was well taken, the trial court

---

[1] Although the motion was made under ORS 135.470, ORS 131.515(2) provides the substantive basis for the motion. It provides:

"(2) No person shall be separately prosecuted for two or more offenses based upon the same criminal episode, if the several offenses are reasonably known to the appropriate prosecutor at the time of commencement of the first prosecution * * *."

properly denied the motion to dismiss, because not all of the predicate offenses were included in the earlier indictments. We agree with the state's argument.

Four of the predicate offenses alleged in the ORICO indictment were not in the earlier indictments or in the plea agreements negotiated with the district attorneys. Those offenses raise no former jeopardy issue. Neither defendant's motion to dismiss nor his brief addresses those offenses. Defendant does not argue that they are insufficient as predicate offenses to support an ORICO violation.[2] The trial court did not err in denying the motion to dismiss.

Defendant's other arguments and assignment of error do not require discussion.

Affirmed.

---

[2] ORS 166.715(4) requires two incidents of racketeering activity to prove the requisite pattern.